**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Miguel Ortiz


        v.                              Civil No. 05-cv-350-SM


Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility


## O R D E R

Before the Court is Miguel Ortiz's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (document no. 1). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review *pro se* pleadings).

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action *pro se*, the magistrate judge is directed to conduct a preliminary review and to prepare a report

and recommendation determining whether the action or any portion
thereof should be dismissed because:

> (i) the allegation of poverty is untrue, the
> action is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, or seeks
> monetary relief from a defendant who is immune
> from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter
> jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2).  In conducting the preliminary review, the Court
construes *pro se* pleadings liberally.  See Ayala Serrano v.
Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following
Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se*
pleadings liberally in favor of the *pro se* party).  "The policy
behind affording *pro se* plaintiffs liberal interpretation is that
if they present sufficient facts, the court may intuit the
correct cause of action, even if it was imperfectly pled."  Ahmed
v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied,
Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions
made by the plaintiff and inferences reasonably drawn therefrom
must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3
(1st Cir. 1996) (stating the "failure to state a claim" standard
of review and explaining that all "well-pleaded factual

2

averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See <u>Eveland v. Dir. of C.I.A.</u>, 843 F.2d 46, 49 (1st Cir. 1988).

Background

Ortiz is an inmate at the Northern New Hampshire Correctional Facility.  He was convicted of several narcotics charges and sentenced to a prison term on September 26, 2003. Ortiz's conviction was affirmed by the New Hampshire Supreme Court ("NHSC") on December 22, 2004, in an unpublished opinion. The appeal to the NHSC contained five claims of error. Petitioner now alleges that his conviction and sentence are improper as a result of thirteen violations of federal constitutional law, three of which were raised in his direct appeal.[1]  The issues raised in this petition are as follows:

> 1.   The trial court violated Ortiz's Fourteenth Amendment due process rights when it excluded a defense witness and the witness' exculpatory and relevant testimony;

---

[1]Petitioner has submitted his appellate brief with his petition which contains five claims, including three federal constitutional claims that are presented in this petition.  He has not submitted his notice of appeal, so it is not clear whether there were issues raised in the notice of appeal but not presented in his brief to the New Hampshire Supreme Court.

2.    The trial court violated Ortiz's Fourteenth Amendment
      due process rights when it read an erroneous reasonable
      doubt instruction to the jury;

3.    The conviction was obtained by prosecutorial misconduct
      when the prosecutor committed fraud on the tribunal by
      presenting evidence from an indictment that had been
      nol prossed in support of another charge;

4.    The conviction was obtained by prosecutorial misconduct
      when the prosecutor committed fraud on the tribunal by
      providing the court with doctored documents;

5.    Ortiz received the ineffective assistance of trial
      counsel, in violation of his Sixth and Fourteenth
      Amendment rights to counsel and to due process, when
      trial counsel failed to file a motion to have doctored
      documents excluded from evidence;

6.    Ortiz received the ineffective assistance of trial
      counsel, in violation of his Sixth and Fourteenth
      Amendment rights to counsel and to due process, when
      trial counsel failed to advocate zealously on Ortiz's
      behalf by presenting an entrapment defense and
admitting that Ortiz had committed the acts charged;

7.    Ortiz received the ineffective assistance of trial
      counsel, in violation of his Sixth and Fourteenth
      Amendment rights to counsel and to due process, when
      trial counsel failed to investigate the case;

8.    Ortiz received the ineffective assistance of trial
      counsel, in violation of his Sixth and Fourteenth
      Amendment rights to counsel and to due process, when
      trial counsel did not meaningfully challenge the
state's case;

9.    Ortiz received the ineffective assistance of trial
      counsel, in violation of his Sixth and Fourteenth
      Amendment rights to counsel and to due process; when
      trial counsel did not cross-examine state's witnesses;

10.   Ortiz received the ineffective assistance of trial
      counsel, in violation of his Sixth and Fourteenth
      Amendment rights to counsel and to due process, when
      trial counsel failed to file a motion to dismiss the
      charges against Ortiz on the basis of variations in
      testimonial and documentary evidence of state's
witnesses;

11.   Ortiz received the ineffective assistance of trial
      counsel, in violation of his Sixth and Fourteenth
      Amendment rights to counsel and to due process, when
      trial counsel failed to prevent a previously dismissed
      indictment from being presented to the judge in
furtherance of the state's argument for sentence
enhancement;

12.   Ortiz received the ineffective assistance of trial
      counsel, in violation of his Sixth and Fourteenth
      Amendment rights to counsel and to due process, when
      trial counsel failed to raise and preserve meritorious
      issues for appeal;

13.   Ortiz received the ineffective assistance of trial
      counsel, in violation of his Sixth and Fourteenth
      Amendment rights to counsel and to due process, when
      appellate counsel failed to prevent the state from
      arguing that Ortiz's sentence was not enhanced.

Three of these alleged federal constitutional violations,

numbered 1, 2 and 11 above, were presented to the NHSC in Ortiz's

appellate brief and considered by that Court on appeal.  The

remaining federal constitutional violations alleged were not

raised in the brief to the NHSC and were not considered by that

court.  Ortiz states that no other habeas petition has been

filed, and it appears that none of the remaining issues were

raised before the state courts in any post-conviction litigation.
Accordingly, it appears that Ortiz's claims, numbered 3-10, 12,
and 13 above, have not been presented to the state courts for
consideration.  Ortiz asserts generally that he is "excused from
exhausting any unexhausted remedies herein due to an absence of
available or effective State corrective process."

Discussion

To be eligible for habeas relief, Ortiz must show that he is
both in custody and has exhausted all state court remedies or
that he is excused from exhausting those remedies because of an
absence of available or effective state corrective process.  See
28 U.S.C. § 2241 and § 2254(a) & (b); see also Braden v. 30th
Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Benson v.
Super. Ct. Dep't of Trial Ct. of Mass., 663 F.2d 355, 358-59 (1st
Cir. 1981).  Ortiz satisfies the first requirement as he is
currently serving his sentence and is thus in custody.  However,
at this time, the petition demonstrates neither exhaustion nor
the unavailability of any state process.

A petitioner's remedies in New Hampshire are exhausted when
the State's highest court has had an opportunity to rule on the
petitioner's federal constitutional claims.  See Lanigan v.

6

Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S.
1007 (1989) ("habeas corpus petitioner must have presented the
substance of his federal constitutional claim to the state
appellate courts so that the state had the first chance to
correct the claimed constitutional error"); see also Picard v.
Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have
fairly presented the federal nature of his claims to the state
courts to give them the first opportunity to remedy the claimed
constitutional error).  It appears that Ortiz has not yet
exhausted nine of the claims presented in his petition.  Instead,
Ortiz asserts generally that any failure to exhaust is the result
of a lack of available state corrective processes.  However,
Ortiz offers no specifics to support this assertion.  Further,
Ortiz has made a direct appeal of his conviction and presents no
reason why he could not avail himself of post-conviction avenues
of relief such as a new trial motion or petition for a writ of
habeas corpus in the state court.  Accordingly, I find that Ortiz
has not demonstrated either exhaustion or any reason that he
should be excused from the exhaustion requirement.

Rather than dismiss the petition entirely for failing to
demonstrate exhaustion of each claim, I will direct Ortiz to

amend his petition to include, for each claim presented in his
petition, documentation, including motions, petitions, notices of
appeal, briefs, or other pleadings showing that the issues
presented here, including the precise federal nature of the
issues, were in fact presented to the state courts for
consideration.  See Smith v. Digmon, 434 U.S. 332, 333 (1978)
(listing documents which would enable a federal court to
determine whether the grounds supporting the habeas petition had
been presented for review in the state courts).  Because it
appears Ortiz will have to return to the state courts to fully
present these claims in those courts before he can make the
required amendment to his current petition, I will authorize a
stay in these proceedings to allow Ortiz to exhaust his claims
and amend his petition.

The Supreme Court has recently decided that a district court
should stay a mixed petition containing both exhausted and
unexhausted claims if the petitioner "has good cause for his
failure to exhaust, his unexhausted claims are potentially
meritorious, and there is no indication that the petitioner
engaged in intentionally dilatory litigation tactics."  Rhines v.
Weber, 125 S.Ct. 1528, 1535 (2005); see also Duncan v. Walker,

533 U.S. 167, 182–83 (2001) (Stevens, J., concurring) ("There is
no reason why a district court should not retain jurisdiction
over a meritorious claim and stay further proceedings pending the
complete exhaustion of state remedies.").  Staying unexhausted
claims is "the preferable course in many cases involving 'mixed'
petitions – and it may be the only appropriate course in cases in
which an outright dismissal threatens to imperil the timeliness
of a collateral attack."  Neverson v. Bissonnette, 261 F.3d 120,
126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d
7, 14 n.5 (1st Cir. 2001) (recommending staying exhausted claims
where "there is a realistic danger that a second petition, filed
after exhaustion has occurred, will be untimely").

　　　If Ortiz has not engaged in any state court litigation
challenging his conviction and sentence since the NHSC affirmed
his conviction on December 22, 2004, the dismissal of this
petition may well imperil the timeliness of Ortiz's three
exhausted claims.  Further, liberally construing the petition as
I must, I find that while petitioner has not at this time made a
specific showing of good cause for his failure to exhaust all of
his claims, he has demonstrated a substantial effort to exhaust
some of his claims in state court and, being a *pro se* litigant,

it stands to reason that Ortiz may simply not have realized the
necessity of raising each ground presented here in the state
courts within the limitations period.  See Rhines, 125 S.Ct. at
1536 (Stevens, J., concurring) (the "good cause" requirement
should not be read "to impose the sort of strict and inflexible
requirement that would trap the unwary *pro se* prisoner."
(internal citation omitted)); see also id. (Souter, J.,
concurring) (*pro se* habeas petitioners do not come well trained
to address tricky exhaustion determinations).  It may also be the
case that Ortiz has raised some or all of his claims in state
court pleadings that have not yet been brought to the attention
of this Court.

Further, I cannot conclude at this stage of the proceedings
that none of Ortiz's claims, if true, could not present
meritorious challenges to his conviction and/or sentence.  I
further find that there is nothing before the Court to indicate
that "the petitioner engaged in intentionally dilatory litigation
tactics" either in pursuing his claims in the state courts or in
this Court.  Rhines, 125 S.Ct. at 1535.  Under these
circumstances, the proper course of action is to stay this

10

petition pending the exhaustion of all of the claims and compliance with this Order.

Ortiz also has the option of foregoing his unexhausted claims and proceeding promptly with his three exhausted claims. Ortiz should be advised that in doing so, he will likely waive ever having his other issues considered by this Court due to the prohibition against second or successive habeas petitions.  See 28 U.S.C. § 2244; Pratt v. United States, 129 F.3d 54, 56-58 (1st Cir. 1997).

Conclusion

Ortiz is ordered to amend his petition within thirty days of the date of this Order to notify this Court as to whether (1) he has already exhausted all of his claims and to demonstrate exhaustion here, or (2) he intends to return to the state court to complete exhaustion prior to amending his petition to demonstrate exhaustion here, or (3) that he chooses to forego his unexhausted claims and proceed only on his three exhausted claims.  If Ortiz chooses to exhaust his unexhausted claims prior to filing his amended petition, he must commence state court action to exhaust the unexhausted claims within thirty days of the date of this Order.

11

If Ortiz notifies the Court that he intends to commence a state court action to complete exhaustion of his claims, the petition will be stayed pending exhaustion of Ortiz's unexhausted claims.  Once the petition is stayed to allow Ortiz to exhaust his claims, Ortiz is ordered to contact this Court every 90 days while seeking exhaustion of his claims, beginning 90 days from the date of the Order staying his petition, to notify the Court that the matter is still pending in the state courts and has not been decided, or to report any change in the status of the state court proceedings.  When the New Hampshire Supreme Court has ruled on his claims, and the claims are thus exhausted, Ortiz must, within 30 days of being notified of the Supreme Court's final ruling, notify this Court of that ruling, submit to this Court the New Hampshire Supreme Court's ruling, as well as all briefs or other pleadings filed in that court, and file a request that this Court further consider his petition.[2]  Failure to amend his petition to notify the Court of his intentions as to how he wishes to proceed with his unexhausted claims, failure to proceed

---

[2]Ortiz would be well-advised to submit all of the relevant pleadings, notices of appeal, court decisions and other documents relevant to each of his claims demonstrating that the claims and the federal nature of the claims were in fact presented to the state courts as alleged in his amended petition notifying this Court that exhaustion has been completed.

12

promptly in the state court if Ortiz chooses to exhaust his
unexhausted claims, or failure to comply with the notification
requirements of this Order, may result in the dismissal of the
petition for failing to demonstrate exhaustion of all of the
claims presented.[3]

**SO ORDERED.**

James R. Muirhead
_____
James R. Muirhead
United States Magistrate Judge

Date:      November 8, 2005

cc:       Miguel Ortiz, *pro se*

_____

[3]If this petition were to be dismissed for failing to
demonstrate exhaustion, the dismissal would be without prejudice
as it would be procedural and not based on the merits of Ortiz's
claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).

13