**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Miguel Ortiz

   v.                                              Civil No. 05-cv-350-SM

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility

**O R D E R**

    Before the Court is Miguel Ortiz's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (document no. 1). Ortiz also seeks to amend his petition (document no. 5) and to add two new claims to his petition (document no. 9). The petition originally came before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings). On November 8, 2005, I issued an Order (document no. 3) directing Ortiz to amend his initial petition to demonstrate exhaustion or to forego his unexhausted claims. In that Order, I allowed Ortiz

to request a stay of this matter so that he might return to the state courts to exhaust those claims which I found had not been exhausted at the time of his initial filing.  Ortiz opted to obtain a stay of his petition in this Court and to return to the state courts to exhaust his federal claims.

### The Claims in Ortiz's Original Petition

Ortiz, in his original petition, asserted thirteen claims alleging that his conviction and sentence had violated his federal constitutional rights.  I identified those thirteen claims as follows:

1. The trial court violated Ortiz's Fourteenth Amendment due process rights when it excluded the relevant exculpatory testimony of a defense witness;

2. The trial court violated Ortiz's Fourteenth Amendment due process rights when it gave the jury an erroneous reasonable doubt instruction;

3. Ortiz's conviction was obtained by prosecutorial misconduct when the prosecutor committed fraud on the tribunal by presenting evidence from an indictment that had been nol prossed in support of a separate charge;

4. The conviction was obtained by prosecutorial misconduct when the prosecutor committed fraud on the tribunal by entering doctored documents in evidence;

5. Ortiz received ineffective assistance of trial counsel, in violation of his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process, when trial counsel failed to file a motion to have doctored documents excluded from evidence;

6.  Ortiz received ineffective assistance of trial counsel, in violation of his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process, when trial counsel failed to advocate zealously on Ortiz's behalf by presenting an entrapment defense and admitting that Ortiz had committed the acts charged;

7.  Ortiz received ineffective assistance of trial counsel, in violation of his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process, when his trial counsel failed to investigate the case;

8.  Ortiz received ineffective assistance of trial counsel, in violation of his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process, when trial counsel did not meaningfully challenge the prosecution case;

9.  Ortiz received ineffective assistance of trial counsel, in violation of his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process, when trial counsel did not adequately cross-examine state's witnesses;

10. Ortiz received ineffective assistance of trial counsel, in violation of his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process, when trial counsel failed to file a motion to dismiss the charges against Ortiz on the basis of variations in testimonial and documentary evidence proffered by prosecution witnesses;

11. Ortiz received ineffective assistance of trial counsel, in violation of his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process, when trial counsel failed to prevent a previously dismissed indictment from being presented to the judge in furtherance of the state's argument for sentence enhancement;

12. Ortiz received ineffective assistance of trial counsel, in violation of his Sixth Amendment right to counsel

>and his Fourteenth Amendment right to due process, when his trial counsel failed to raise and preserve meritorious issues for appeal;
>
>13. Ortiz received ineffective assistance of appellate counsel, in violation of his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process, when his appellate counsel failed to prevent the state from arguing that Ortiz did not receive an enhanced sentence.

I initially found in my November 8, 2005 Order, that three of these claims, based on federal constitutional violations, numbered 1, 2 and 11 above, had been exhausted as the claims, including the federal nature of the claims, had been presented to the New Hampshire Supreme Court in the direct appeal of Ortiz's criminal conviction. I further found that Ortiz had not demonstrated exhaustion of any of the other ten claims raised, and I directed Ortiz to amend his petition to demonstrate exhaustion of all of the claims raised.

Ortiz, after obtaining a stay of this matter, returned to the state courts and filed a habeas petition in the New Hampshire Superior Court, seeking relief on the grounds raised in the unexhausted claims in his habeas petition before this Court, as well as on additional grounds. Ortiz, in his state habeas action, included the federal violations alleged in the claims before this Court. Ortiz's state habeas petition was denied.

Ortiz then filed a notice of appeal in the New Hampshire Supreme Court.  The New Hampshire Supreme Court declined to accept the matter for appeal.

Ortiz has not submitted the notice of appeal that was filed in the New Hampshire Supreme Court to this Court.  Ortiz has provided this Court with a copy of the habeas petition submitted to the state Superior Court.  That petition sets forth the federal constitutional violations that Ortiz claims occurred as a result of his conviction and sentence.  However, Ortiz, by not submitting the notice of appeal or any of the documents that may have been appended to the notice of appeal, has not yet demonstrated that he has given the state's highest appellate court, the New Hampshire Supreme Court, the opportunity to consider and rule on the federal nature of the claims raised.  Accordingly, I again direct Ortiz to amend his petition to demonstrate that the federal nature of his claims, raised in the state habeas petition filed in the Superior Court, were actually presented to the New Hampshire Supreme Court for consideration.

### Motion to Add Claims

Ortiz seeks to add two additional claims to his petition at this time, as follows:

    14.[1]  Ortiz received the ineffective assistance of appellate counsel because appellate counsel failed to raise and litigate the issue of the ineffective assistance of Ortiz's trial counsel before the state courts, in violation of Ortiz's Sixth Amendment right to the effective assistance of both trial and appellate counsel and his Fourteenth Amendment right to due process; and

    15.  Ortiz received the ineffective assistance of trial counsel when trial counsel failed to move to suppress incomplete or doctored documentation from evidence, in violation of Ortiz's rights under the Fourth, Sixth and Fourteenth Amendments.

I will grant the motion to add claims as to claim 14, for purposes of preliminary review.[2] However, this claim must meet the exhaustion requirements of all habeas claims, as previously explained in detail in my November 8, 2005 Order. As to claim 14, I find that Ortiz has not demonstrated that he has ever raised this claim in any state court proceeding. Accordingly, I find that Ortiz has failed to demonstrate exhaustion of claim 14. Therefore, I will give Ortiz the opportunity to amend his petition to demonstrate that claim 14 was exhausted in the state courts. Alternatively, Ortiz may elect to forego this claim if

---

[1] I will number the two proposed additional claims 14 and 15 so as to avoid confusing these claims with Ortiz's previously filed claims.

[2] At this juncture, I make no finding as to the timeliness of the additional claim.

it is, in fact, unexhausted[3] in order to allow claims 1-13 to proceed promptly upon demonstration that they have all been exhausted, or, I will allow Ortiz to seek to exhaust claim 14 in the state courts.  If Ortiz seeks to return again to the state courts to exhaust this unexhausted claim, I will again stay this petition to allow him to do so.  Ortiz is ordered to advise this Court within thirty days of the date of this Order as to his intentions regarding claim 14.

As to claim 15, Ortiz alleges that his Fourth Amendment rights were violated by his trial counsel's failure to seek suppression of certain documents.  Ortiz refers, however, to documentary evidence created by the police in his case, rather than evidence seized from his person or property.  Accordingly, I find that Ortiz's characterization of this issue as a violation of the Fourth Amendment, which protects Ortiz's right not to have his person or property unreasonably seized by the government, is misplaced.  Ortiz's claim is more properly asserted as a due process violation under the Fourteenth Amendment and a denial of

---

[3]I again caution Ortiz that foregoing this claim at this juncture will likely result in his not being able to litigate this claim in the future due to the prohibition against second or successive habeas petitions.  See 28 U.S.C. § 2244; Pratt v. United States, 129 F.3d 54, 56-58 (1st Cir. 1997).

the effective assistance of counsel under the Sixth Amendment, in that his attorney allowed inculpatory evidence to be entered at trial that was not sufficiently reliable to be relevant.  As such, I find that Ortiz has already raised this claim as claim 5 in his original petition, and I therefore deny his motion to add claim 15, as it is duplicative of claim 5.

## Conclusion

For the reasons stated herein, I direct Ortiz to amend his petition within thirty days of the date of this Order as follows:

1.   Ortiz is to file his notice of appeal seeking to appeal the denial of his state habeas petition, including any attachments or appendices to the notice of appeal, as well as any other pleading filed in connection with that appeal that might be relevant to exhaustion of the claims contained therein;

2.   Ortiz is to notify this Court as to whether he intends, with regard to claim 14, to:

    A.   Voluntarily forego this claim as unexhausted; or

    B.   Amend his complaint to demonstrate that this claim has in fact been exhausted, and to file an amendment to his petition demonstrating exhaustion; or

C. Seek a further stay of this petition while he returns to the state courts to exhaust this currently unexhausted claim. If Ortiz chooses to exhaust his unexhausted claim in the state court prior to pursuing that claim in this Court, he must commence state court action to exhaust the unexhausted claims within thirty days of the date of this Order.

If Ortiz notifies the Court that he intends to commence a state court action to complete exhaustion of his claims, the petition will be stayed pending exhaustion of Ortiz's unexhausted claim. Once the petition is stayed to allow Ortiz to exhaust his claim, Ortiz is ordered to contact this Court every 90 days while seeking exhaustion of his claim, beginning 90 days from the date of the Order staying his petition, to notify the Court that the matter is still pending in the state courts and has not been decided, or to report any change in the status of the state court proceedings. When the New Hampshire Supreme Court has ruled on the claim, and the claim is thus exhausted, Ortiz must, within 30 days of being notified of the Supreme Court's final ruling, notify this Court of that ruling, submit to this Court the New Hampshire Supreme Court's ruling, as well as all notices of appeal, briefs or other pleadings filed in that court regarding

the claim, and file a request that this Court further consider his petition.

Failure to amend his petition as directed herein, failure to notify the Court of his intentions as to how he wishes to proceed with his unexhausted claim, failure to proceed promptly in the state court if Ortiz chooses to exhaust his unexhausted claim, or failure to comply with the notification requirements of this Order, may result in the dismissal of the petition for failing to demonstrate exhaustion of all of the claims presented.[4]

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:    January 26, 2007

cc:      Miguel Ortiz, pro se

---

[4] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Ortiz's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).