UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Miguel Ortiz

    v.                                Civil No. 05-cv-350-SM

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility

**O R D E R**

Before the Court is Miguel Ortiz's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1]  Pursuant to this Court's Orders of November 8, 2005 (document no. 3) and January 26, 2007 (document no. 13)[2], Ortiz has demonstrated that each of the fourteen claims raised in his federal habeas

---

[1] Ortiz's initial petition was filed on October 4, 2005 (document no. 1).  Ortiz has amended his petition several times (document nos. 5-9 & 15).  Ortiz's initial petition and all of the amendments thereto will be considered, in the aggregate, to be the petition in this matter for all purposes.

[2] Due to a clerical error, and not through any fault of the petitioner, this Court's January 26, 2007 Order was not docketed or sent to Ortiz until July 11, 2007.  Ortiz was thus given thirty days from July 11, 2007 to amend his petition in accordance with that Order (document no. 14).

petition, identified in my January 26, 2007 Order as claims 1-14,[3] have now been exhausted in the state courts.

To support his assertion that his claims have been exhausted, Ortiz has provided this Court with a copy of a state Superior Court habeas petition filed on March 6, 2006 and the order denying that petition, issued by the Superior Court on September 1, 2006. Ortiz has also submitted to this Court a notice of appeal filed in the New Hampshire Supreme Court on September 13, 2006, as well as a notice of declination from that Court dated November 28, 2006.

The notice of appeal filed by Ortiz squarely presents Ortiz's claims numbered 5-10 and 12-14, including the federal nature of those claims, to the New Hampshire Supreme Court. I have previously found that Ortiz exhausted his claims numbered 1, 2 and 11 in the direct appeal of his conviction. The notice of appeal submitted did not, on its face, satisfy exhaustion of claims 3 and 4 in Ortiz's petition, because, while Ortiz raised those claims in the notice of appeal, he did not identify, in that notice, the federal nature of the claims. Ortiz has, however, submitted a copy of the habeas petition he filed in the

---

[3] Ortiz sought to add a fifteenth claim to his petition, but I denied that request (document no. 13).

Superior Court, which was the subject of the September 13, 2006 notice of appeal. His claims here, numbered 3 and 4, including the federal nature of those claims, were raised in the Superior Court petition. I presume that the petition was attached to the notice of appeal filed in the New Hampshire Supreme Court, which suffices to present the issue to that Court for its consideration.

Accordingly, I find that all of the claims presented in Ortiz's instant petition, and the federal nature of those claims, have been presented to the New Hampshire Supreme. The claims are, therefore, exhausted, and I order the petition to be served on Respondent. See § 2254 Rule 4.

Accordingly, the petition shall be served upon Respondent, which shall file an answer or other pleading in response to the allegations made therein. See id. (requiring reviewing judge to order a response to the petition). The Clerk's office is directed to serve the New Hampshire Office of the Attorney General as provided in the Agreement On Acceptance Of Service, copies of this Order, the habeas petition (document nos. 1, 5-9 & 15), and my previous orders in this matter (document nos. 3, 13 & 14). Respondent shall answer or otherwise plead within thirty

(30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  <u>See</u> § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     July 31, 2007

cc:       Miguel Ortiz, pro se